[J-120-2016] [MO: Saylor, C.J.]
IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

JEAN LOUISE VILLANI, INDIVIDUALLY
AND IN HER CAPACITY AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
GUERINO VILLANI, DECEASED

v.

JOHN SEIBERT, JR. AND MARY
SEIBERT

-------------------------------------------

FREDERICK JOHN SEIBERT, JR. AND
MARY SEIBERT

v.

JEAN LOUISE VILLANI AND THOMAS D.
SCHNEIDER, ESQUIRE

APPEAL OF: FREDERICK JOHN
SEIBERT, JR. AND MARY SEIBERT

:   No. 66 MAP 2016
:
:
:   Appeal from the Order of the Chester
:   County Court of Common Pleas, Civil
:   Division, dated October 5, 2015
:   amending the August 27, 2015 order at
:   No. 2012-09795
:
:   ARGUED: December 6, 2016
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

## CONCURRING OPINION

**JUSTICE TODD**                                  **DECIDED:  April 26, 2017**

I join the Majority Opinion in full, but write to make two additional points.

First, while I agree with the majority's conclusion that the Dragonetti Act is not unconstitutional as applied to attorneys, I underscore the issues the majority notes "may bear closer review" in a future case — specifically, whether an attorney could be liable under the Act for an award of punitive damages, and whether an attorney could be liable despite a good faith argument that existing law should be changed.  *See* Majority Opinion at 23-24.  Because the present challenge concerns a claim that attorneys have

*generalized* immunity to Dragonetti Act claims — an assertion we reject — and because neither of the above more narrow issues are implicated by the facts of this case, the majority appropriately does not address them.  Yet, these questions focus on aspects of the Dragonetti Act which, in my view, are most starkly in tension with our exclusive authority to regulate the practice of law under Article V, Section 10(c) of the Pennsylvania Constitution and will deserve close review when properly before our Court.

My second observation also relates to Appellee's concern that an attorney's good faith argument that existing law should be changed could lead to Dragonetti Act liability. Section 8352 of the Act sets forth three scenarios under which a person has probable cause for commencing or advancing litigation, and, thus, is not subject to liability.[1]  It states:

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either:
>
> (1) reasonably believes that under those facts the claim may be valid under the existing or developing law;
>
> (2) believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or
>
> (3) believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.

---

[1] A prerequisite to liability under the Act is that the person act "in a grossly negligent manner or without probable cause."  42 Pa.C.S. § 8351.

42 Pa.C.S. § 8352. The concern forwarded by Appellee herein implicates the first scenario, as Appellee offers that an attorney who seeks an "extension, modification or reversal of existing law" as ethically permitted under the Rules of Professional Conduct[2] might nonetheless be subject to Dragonetti Act liability because such a claim might not be viewed as having been based upon a reasonable belief that "the claim may be valid under the existing or *developing* law," 42 Pa.C.S. § 8352(1) (emphasis added). *See* Appellee's Brief at 9. However, regardless of whether we might, in a future case, construe "developing law" to encompass claims for an "extension, modification or reversal of existing law" and, thus, preclude Dragonetti Act liability under Section 8352(1) on that basis, subsection (3) would appear to provide a safe harbor to attorneys in such situations (as well as in other situations). It specifically protects an "attorney of record" who believes "in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party." 42 Pa.C.S. § 8352(3). To Appellee's concern, I would be hard-pressed to envision a scenario in which an attorney who seeks, in good faith, the reversal of governing law would be liable under the Act because he or she is nonetheless found to have "intended to merely harass or maliciously injure the opposite party."

---

[2] *See* Pa.R.P.C. § 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.").